JUSTICE LEAPHART
dissenting.
¶103 I dissent. I agree with the reasoning of Justices Stevens, Ginsberg and Breyer in their dissents in Smith v. Doe (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164. In summary, Justice Stevens recognized that the unique consequences imposed by the registration requirement are punitive in that they share three characteristics, which in the aggregate are not present in any civil sanction.
The sanctions (1) constitute a severe deprivation of the offender’s liberty, (2) are imposed on everyone who is convicted of a relevant criminal offense, and (3) are imposed only on those criminals. Unlike any of the cases that the Court has cited, a criminal conviction under these statutes provides both a sufficient and a necessary condition for the sanction.
Smith v. Doe, 123 S.Ct. at 1157, 155 L.Ed.2d at 189 (Stevens, J., dissenting).
¶104 Justice Stevens will never be persuaded that reporting and registration obligations that are imposed on convicted sex offenders and no one else are not part of their punishment. “In my opinion, a sanction that (1) is imposed on everyone who commits a criminal offense, (2) is not imposed on anyone else, and (3) severely impairs a person’s liberty is punishment.” Smith, 123 S.Ct. at 1158, 155 L.Ed.2d at 190 (Stevens, J., dissenting).
¶105 I agree with Justice Stevens that, although registration statutes are constitutionally imposed punishment as applied to postenactment offenses, they offend the constitutional prohibition on ex post facto laws when applied to preenactment offenses.